**WO**                     NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shivani Thakkar,<br><br>        Plaintiff,<br><br>v.<br><br>Honeywell International Incorporated Short-Term Disability Plan, *et al.*,<br><br>        Defendants. | No. CV-16-01446-PHX-JJT<br><br>**ORDER** |

    At issue is Defendant Life Insurance Company of North America's ("LINA") Motion to Dismiss (Doc. 27, MTD), which Defendant Honeywell International Inc. joined (Doc. 28). Plaintiff Shivani Thakkar file a Response and Cross-Motion to Amend (Doc. 31, MTA). LINA filed a Response to Plaintiff's Cross-Motion and Reply to its own Motion (Doc. 34, LINA's Reply), which Honeywell again joined (Doc. 35). Plaintiff then filed a Reply to its Cross-Motion (Doc. 36, Pl.'s Reply). Also at issue is the Joint Statement of Discovery Dispute (Doc. 41), in which Honeywell and Plaintiff detail a discovery dispute between them. The Court held a hearing on all of these matters on November 15, 2016 (Doc. 52). Based on the parties' briefs and discussions with the Court at the hearing, and for the reasons that follow, the Court will grant LINA's Motion to Dismiss but allow Plaintiff to amend Count Two, and grant in part and deny in part Plaintiff's Motion to Amend.

**I.    Motion to Dismiss**

LINA[1] moves to dismiss the two Counts against it—Count Two, for Tortious Interference with Contract, and Count Three, for Tortious Breach of the Duty of Good Faith and Fair Dealing—under Federal Rule of Civil Procedure 12(b)(6). (MTD at 1.) Because LINA already filed an Answer (Doc. 7) and Amended Answer (Doc. 21) to Plaintiff's Complaint (Doc. 1, Compl.), the Court construes its Motion to Dismiss for failure to state a claim under Rule 12(b)(6) as one filed under Rule 12(c) for judgment on the pleadings.

A Rule 12(c) motion is functionally identical to a Rule 12(b) motion to dismiss for failure to state a claim, and the same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Specifically, a complaint must include "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

**A.    Tortious Interference with Contract (Count Two)**

Arizona case law provides that a tortious interference with contract claim may not

---

[1] Although Plaintiff also named Cigna as a Defendant in this matter, LINA explained at the hearing that Cigna is not a separate entity but rather a trade name for LINA.

- 2 -

be brought against an agent of the third party who entered into the underlying contract with the plaintiff. *Pasco Indus., Inc. v. Talco Recycling, Inc.*, 985 P.2d 535, 547 (Ariz. Ct. App. 1998). Even when presuming Plaintiff entered into a contract with Honeywell, LINA argues that Plaintiff's claim of tortious interference with the contract by LINA must fail because LINA, as administrator of the Honeywell's Short Term Disability payroll practice, was Honeywell's agent. (MTD at 3-4.) In response, Plaintiff proposes to amend the Complaint to add an allegation that LINA administered Plaintiff's claim "to serve its own interests and for its own benefit, including but not limited to minimize or eliminate potentially expensive liability for [Long Term Disability] benefits LINA fully insures." (Doc. 31-4, Proposed Am. Compl. ¶ 64.) Defendant rejoins that nowhere in the Complaint does Plaintiff allege that LINA provided her with Long Term Disability benefits—because it did not—and Plaintiff's allegation is otherwise conclusory and thus insufficient to support a tortious interference with contract claim. (LINA's Reply at 9-10.) The Court agrees. Plaintiff fails to allege sufficient facts to plausibly state a tortious interference with contract claim against LINA, which according to Plaintiff's allegations was an agent of Honeywell for the purpose of the underlying contract. However, because Plaintiff may be able to cure this defect in the Complaint, the Court will give Plaintiff leave to amend the Complaint with regard to Count Two. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### B.   Breach of the Duty of Good Faith and Fair Dealing (Count Three)

Both LINA and Honeywell, by joining LINA's Motion, ask the Court to dismiss Count Three against them because, as Plaintiff concedes, the Short Term Disability coverage Plaintiff receives from Honeywell is a payroll practice, not an insurance contract, and a bad faith claim against an employer or its third-party administrator is not recognized by Arizona law outside the context of an insurance contract. (MTD at 4-5.) In response, Plaintiff contends that the allegations in the Complaint support a plausible inference that she has a "special relationship" with Honeywell and LINA under *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986), because she seeks "service, security, peace

1 of mind [or] protection" by way of Honeywell's payment for short term disability. (MTA
2 at 7-9.) In such an instance, Plaintiff argues, Arizona law provides that she may bring a
3 tort action against her employer or its third-party administrator even in the absence of an
4 insurance contract. (MTA at 7-9.)

5 The Court agrees with the Ninth Circuit Court of Appeals decision addressing
6 similar facts in *Allocco v. Metropolitan Life Insurance Co.*, 425 Fed. App'x 559, 561 (9th
7 Cir. 2011), even if that unpublished Memorandum Decision is not binding precedent and
8 was in the posture of a motion for summary judgment instead of a motion to dismiss.
9 Plaintiff does not cite a case in which a bad faith claim was actionable in Arizona against
10 an employer or third party administrator outside the insurance contract context, and the
11 Court declines to extend the "special relationship" doctrine to the circumstances Plaintiff
12 alleges in the Complaint. As Defendants point out, the object of the alleged contract
13 between Plaintiff and Honeywell is not short term disability coverage, but rather
14 employment. Because Plaintiff cannot bring a bad faith claim against Honeywell, she also
15 cannot state a claim against LINA by way of joint venture allegations, nor can she state a
16 claim of aiding and abetting bad faith. As a result, the Court will grant Defendants'
17 Motion to Dismiss Count Three against them. Because the defect in Plaintiff's claim
18 cannot be cured by amendment, the Court will dismiss the claim with prejudice. *See*
19 *Lopez*, 203 F.3d at 1130.

20 **II.   Motion to Amend**

21 As the Court already noted, Plaintiff cannot state a claim against LINA for aiding
22 and abetting bad faith, so amending the Complaint to add such a claim would be futile.
23 *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). However, if Plaintiff is able to
24 allege sufficient facts to state a claim for tortious interference with contract by LINA,
25 Plaintiff may also add a claim for punitive damages if she can allege facts supporting a
26 plausible inference of the requisite state of mind. The Court will thus allow Plaintiff to
27 amend her Complaint, although under those circumstances only.
28

### III. Discovery Dispute

At the hearing, the Court also heard argument on the parties' disputes over Honeywell's obligations to provide any responses to the Requests for Production (RFPs) Plaintiff served on August 19, 2016. (*See* Doc. 41.) Three RFPs are at issue: 1) a request to produce all communications between Honeywell and LINA for a fixed period "relating in any way to any and all market conduct investigations and/or regulatory settlement agreements relating to LINA and/or LINA's business practices;" 2) a request for all documents relating to LINA's approval or denial of disability insurance or payroll practice claims, tracking of such approval or denial, and discussing or otherwise addressing "rates or expectations relating to" those approval or denials rates; and 3) all documents relating to complaints made to Honeywell by its employees "relating in any way to LINA's handling of employees' disability insurance or payroll practice claims."

Plaintiff's first request, in its current formulation, is so broad as to render it impossible for Honeywell to comply with. Although the general period set forth in procedural paragraph C of Plaintiff's first RFP to Honeywell reasonably bounds the time horizon of the request, the repositories to be searched are insufficiently targeted to allow Honeywell to comply without being unduly burdened. Plaintiff does not specify whether the communications sought are between LINA and a specific organ or administrative unit of Honeywell, or whether such communications are at any specified level—for example, a line adjustor or benefits coordinator, supervisory, management, or the legal department, which of course would raise its own discrete issues. Nor does Plaintiff focus the subject matter of her request in a way that Honeywell can clearly determine whether a communication is or is not responsive to it. Absent brighter delineation of these parameters, Honeywell is faced with the prospect of having to search arguably every repository of its electronic and paper records in every function and department for communications about vaguely defined subject matter. That result would be both extremely expensive and labor intensive, and still would leave Honeywell open to accusation that it failed to comply with the request if it failed to perceive the bounds of

relevant communications the same way Plaintiff does. Coupled with limited relevance to the issues in this case, the above concerns lead the Court to conclude RFP Number 1 as currently constructed is not justified under Federal Rule of Civil Procedure 26, as it is not proportional to the needs of the case. The Court cannot formulate a way to tailor the request that would provide the required specificity of targets within Honeywell and subject matter of the communications for which Honeywell should search. The Court therefore will not require Honeywell to respond RFP Number 1 in its current form. The Court will allow Plaintiff to serve a more tailored request if that request can sufficiently address the concerns set forth above.

For similar reasons, the Court will not require Honeywell to respond to RFP Number 2 in its current formulation. Plaintiff does not persuade the Court of the relevance of any of Honeywell's tracking information regarding individual claims. The Court therefore does not need to engage in a proportionality analysis of the request for individual claim tracking information, but if it did, the Court would find the request disproportionate to the needs of the case. Similarly, aggregate tracking or reporting of acceptance or denial rates of claims is not relevant to the issues to be proved in this matter. By itself, a claim acceptance rate of ten percent or ninety percent tells the reader nothing about the cause or propriety of that rate. Communications about a targeted rate, a desire, intent or plan to drive a rate in a given direction, might be relevant, and if found, might then also make resultant rates themselves relevant. The Court therefore will require Honeywell to search for and produce documents in its possession discussing targeted rates of claim acceptance or denial for short term disability claims during the period January 1, 2014 through July 31, 2016 which were shared between Honeywell and LINA, or which reflect communications between Honeywell and LINA on this topic.[2] The Court will not require Honeywell to provide a response to the remainder of Request Number 2, as it finds the remainder of the request unduly burdensome, disproportionate to the needs

---

[2] The Court notes that both Defendants represented at the hearing on this matter that they had already searched for such materials and found none. That may be the result of this Order. But if such materials exist, Plaintiff is entitled to them.

of the case, and dealing with material that at this point is not relevant to the claims at issue.

Plaintiff has agreed to narrow its Request Number 3 to communications about complaints "made to a single Honeywell employee responsible for receiving such complaints." (Doc. 41 at 1.) The Court still fails to see how other employees' complaints about LINA's handling of their claims is relevant to this matter. If Honeywell were to produce items responsive to Request Number 2 that showed a plan, intent or desire to drive down STD claim acceptance rates, then looking at a sampling of individual complaints over STD claim denials and how they were handled might be relevant. But the parties are not there now. The Court will thus not require Honeywell to respond to Request Number 3 as currently formulated.

IT THEREFORE IS ORDERED granting Defendant Life Insurance Company of North America's Motion to Dismiss (Doc. 27). Count Two, for Tortious Interference with Contract against Life Insurance Company of North America, is dismissed with leave to amend the Complaint. Count Three, for Tortious Breach of the Duty of Good Faith and Fair Dealing, is dismissed with prejudice against all Defendants.

IT IS FURTHER ORDERED granting in part and denying in part Plaintiff's Cross-Motion to Amend (Doc. 31). Plaintiff may not amend the Complaint to add a claim for Aiding and Abetting Bad Faith, but Plaintiff may amend the Complaint to add a prayer for punitive damages for any amended claim of Tortious Interference with Contract against Life Insurance Company of North America, if Plaintiff can sufficiently allege facts supporting a plausible inference of the requisite state of mind.

IT IS FURTHER ORDERED that Plaintiff shall file any Amended Complaint by December 2, 2016. The Amended Complaint must incorporate all of the parties' stipulations and the Court's rulings to date.

IT IS FURTHER ORDERED that, in response to Plaintiff's Requests for Production, Defendant Honeywell shall search for and produce documents in its possession discussing targeted rates of claim acceptance or denial for short term disability

1  claims during the period January 1, 2014 through July 31, 2016 that were shared between
2  Honeywell and LINA, or that reflect communications between Honeywell and LINA on
3  this topic. Honeywell is not required to respond to Requests for Production Numbers 1
4  and 3.
5        Dated this 21st day of November, 2016.

                                    Honorable John J. Tuchi
                                    United States District Judge